**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-4914**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUDITH D. WARD,

Defendant - Appellant.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  John Preston Bailey, District Judge.  (3:07-cr-00030-JPB)

---

Submitted:  March 17, 2008          Decided:  April 3, 2008

---

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Dismissed in part; affirmed in part by unpublished per curiam opinion.

---

Kevin D. Mills, MILLS & WAGNER, PLLC, Martinsburg, West Virginia, for Appellant. Sharon L. Potter, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Judith D. Ward appeals her conviction and sentence of eighteen months' incarceration following her guilty plea to five counts of aiding in the preparation of a fraudulent tax return, in violation of 26 U.S.C. § 7206 (2000). On appeal, Ward's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning whether her appellate waiver is valid and enforceable, whether her sentence was unreasonable, whether her counsel provided ineffective assistance, and whether the district court erred by accepting Ward's guilty plea, but concluding there are no meritorious issues for review. Although Ward was informed of her opportunity to file a pro se supplemental brief, she has not done so. After a thorough review of the record, we dismiss in part and affirm in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005). To determine whether a waiver is knowing and intelligent, this court examines the totality of the circumstances, including the accused's experience, conduct, educational background, and familiarity with the terms of the plea agreement. United States v. General, 278 F.3d 389, 400 (4th Cir. 2002). Generally, if the district court fully questioned a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy, the waiver is both valid and enforceable. See

United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant validly waived her right to appeal is a question of law that this court reviews de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Our review of the record leads us to conclude that Ward knowingly and voluntarily waived the right to appeal the reasonableness of her sentence. Thus, we dismiss this part of Ward's appeal.

However, an appellate waiver does not preclude appeals from the denial of a motion to withdraw a guilty plea based on ineffective assistance of counsel or claims concerning a violation of the Sixth Amendment right to counsel in proceedings following the guilty plea. Johnson, 410 F.3d at 151. Nevertheless, we conclude that any claim of ineffective assistance of counsel Ward wishes to pursue must be brought in a collateral proceeding under 28 U.S.C. § 2255 (2000) because ineffective assistance does not conclusively appears on the face of the record. See United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). Further, we have reviewed the record and find the district court complied with the mandates of Rule 11 in accepting Ward's guilty plea.

We have examined the entire record in this case in accordance with the requirements of Anders, and we find no meritorious issues for appeal. Accordingly, we dismiss in part and affirm in part. This court requires counsel inform his client, in

- 3 -

writing, of her right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy of the motion was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART</u>;
<u>AFFIRMED IN PART</u>